UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

PARLEX CORPORATION, )
         Plaintiff, )
 )
v. )
 )
KDI PRECISION PRODUCTS, INC., )
         Defendant. )
 )

04-10109 DPW

COMPLAINT AND JURY DEMAND

MAGISTRATE JUDGE _____

## PARTIES

1.  The Plaintiff, Parlex Corporation, is a Massachusetts corporation with a principal place of business located at One Parlex Place, Methuen, Massachusetts.

2.  The Defendant, KDI Precision Products, Inc., is a Delaware corporation with a principal place of business located at 3975 McMann Road, Cincinnati, OH.

## JURISDICTION

3.  The Plaintiff is a corporation organized under the laws of, and with a principal place of business located in, the Commonwealth of Massachusetts.

4.  The Defendant is a corporation organized under the laws of the State of Delaware and with a principal place of business located in Ohio.

5.  The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

6. Jurisdiction over the Defendants is based upon diversity of citizenship of the parties and an amount in controversy which exceeds $75,000.00.

7. The Plaintiff's cause of action arises from the Defendant's breach of a contract formed in Massachusetts, specifically its failure to pay the Plaintiff for products and services rendered pursuant to a purchase order submitted to the Plaintiff's principal place of business, located in Massachusetts, for product shipped from the Plaintiff's manufacturing facilities, also located in Massachusetts.

## FACTS

8. On or about December 13, 2000, the Plaintiff received a purchase order from the Defendant wherein the Plaintiff agreed to manufacture and ship and the Defendant agreed to pay for 220,450 units of flexible printed wiring board array panels (the "Product"), a type of double-sided flex circuit similar to many other circuits produced by the Plaintiff, based on a production quote provided to the Defendant on or about October 30, 2000 ("Purchase Order").

9. The Product was to be manufactured and delivered in accordance with the Defendant's specifications that had been previously provided to the Plaintiff in advance of the production quote that was incorporated into the Purchase Order.

10. On or about March 15, 2001, the Plaintiff commenced production of the Product.

11. On or about May 3, 2001, the Defendant submitted a change to the Purchase Order increasing the quantity of the purchase order by 3,300 units of Product.

12. On or about January 31, 2003, the Defendant notified the Plaintiff of a problem with the Product in the Defendant's final assembly process.

13. On or about March 7, 2003, the Plaintiff received change nos. 5 and 6 to the Purchase Order canceling a total of 110,000 units of Product.

14. On or about March 20, 2003, the Plaintiff issued a written cancellation proposal to the Defendant in accordance with the terms of the Purchase Order for change nos. 5 and 6 with a cancellation charge of $500,000 reflecting costs for nearly completed work in process and raw materials.

15. Following extensive negotiations, the Defendant on or about June 20, 2003 agreed to the Plaintiff's proposed revisions to the Purchase Order wherein the Defendant would keep a portion of the previously received Product, the Plaintiff would ship additional Product to the Defendant, the Plaintiff would rework a portion of additional product to be shipped, and the Defendant would pay an open invoice in the amount of approximately $260,000.

16. Pursuant to the discussions above, the terms of the negotiated resolution were set forth in a revised purchase order faxed by the Defendant to the Plaintiff in June, 2003 (the "Revised Purchase Order").

17. On or about late July to August, 2003, the Defendant refused to accept product shipped by the Plaintiff in accordance with the terms of the Revised Purchase Order and notified the Plaintiff that it no longer wished to accept any further Product.

18. As a result, two shipments were frozen in transit from the Plaintiff to the Defendant.

19. On or about August 21, 2003, the Defendant, by letter, notified the Plaintiff that the Revised Purchase Order had been closed and that no further shipments

would be accepted. The letter attempted to renegotiate the previously agreed upon Revised Purchase Order.

20. In accordance with the terms of the Revised Purchase Order, the Plaintiff has manufactured and shipped all required units of Product. However, the Defendant has kept the units of Product which were shipped by the Plaintiff to it, and has failed and refused to make payment to the Plaintiff for the total amount due and owing under the terms of the Revised Purchase Order, $672,430.

## COUNT I
### Breach of Contract

21. The Plaintiff repeats and reavers the allegations contained in the previous paragraphs as if they were set forth herein.

22. At all times material to this action, the Plaintiff faithfully performed all of its obligations under the Revised Purchase Order.

23. On the basis of the facts set forth above, the Defendant substantially breached the agreement with the Plaintiff by failing to comply with the terms and conditions of the Revised Purchase Order between the parties.

24. As a direct and proximate result of the Defendant's conduct, the Plaintiff has sustained and will continue to sustain monetary damages plus costs and fees.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff respectfully demands that this Honorable Court:

a. Determine that the actions of the Defendant constitutes a substantial breach of the Revised Purchase Order;

b. Award the Plaintiff damages against the Defendant, plus interests, costs and reasonable attorneys' fees; and

c.  Award such other and further relief as this Honorable Court deems meet and just in these premises.

## COUNT II
### (Breach of Covenant of Good Faith and Fair Dealing)

25. The Plaintiff repeats and reavers the allegations contained in the previous paragraphs as if they were set forth herein.

26. The agreement between the parties, like all contracts, contains an implied covenant of good faith and fair dealing.

27. On the basis of the facts set forth above, the Defendant willfully and materially breached the covenant of good faith and fair dealing implied in the negotiated resolution set forth in the Revised Purchase Order, and in its relationship with the Plaintiff.

28. The knowing and willful actions of the Defendant in inducing the Plaintiff to enter into the Revised Purchase Order and the negotiated resolution when the Defendant knew or should have known at the time of the negotiation of and entering into the resolution that it would not comply with the terms thereof constitutes a willful and material breach of the implied covenant of good faith and fair dealing.

29. As a direct and proximate result of the Defendant's knowing and willful breaches of the implied covenant of good faith and fair dealing, the Plaintiff has and will sustain substantial monetary damages.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff respectfully demands that this Honorable Court:

a.  Determine that the actions of the Defendant constitute a breach of the covenant of good faith and fair dealing in the relationship between the Plaintiff and the Defendant;

5

b.  Award the Plaintiff damages for the breach of the implied covenant of good faith and fair dealing in the amount so determined including interests, costs and reasonable attorneys' fees; and

c.  Award such other and further relief as this Honorable Court deems meet and just in these premises.

## COUNT III
### (Violation of M.G.L. Ch. 93A)

30. The Plaintiff repeats and reavers the allegations contained in the previous paragraphs as if they were set forth herein.

31. The Plaintiff has fulfilled all of its contractual obligations under the Revised Purchase Order. On the basis of the facts set forth above, the Defendant, intentionally and without justification failed and refused to comply with the terms of the Revised Purchase Order, to fulfill its obligations therein, and has acted in bad faith.

32. The knowing and willful actions of the Defendant are unscrupulous, without justification or excuse, and therefore constitute unethical or unfair and/or deceptive acts all in violation of Massachusetts General Laws, Chapter 93A.

33. As a direct and proximate result of the conduct of the Defendant, the Plaintiff has been and will be forced to suffer substantial money damages and has incurred expenses for attorneys' fees and other costs.

### DEMAND FOR RELIEF

WHEREFORE, the Plaintiff respectfully demands that this Honorable Court:

a.  Determine that the acts and practices of the Defendant are in violation of the Massachusetts General Laws, Chapter 93A;

b.  Determine that the acts and practices of the Defendant were willful and knowing;

c.  Determine the amount of damages suffered by the Plaintiff;

d. Award the Plaintiff double or treble damages against the Defendant, attorneys' fees and costs, all as provided for under Massachusetts General Laws, Chapter 93A; and

e. Award such other and further relief as this Honorable Court deems meet and just in these premises.

## COUNT IV
### (Misrepresentation)

34. The Plaintiff repeats and reavers the allegations contained in the previous paragraphs as if they were set forth herein.

35. In order to induce the Plaintiff to enter into the negotiated resolution of the dispute, and with the intent to deceive and defraud the Plaintiff, the Defendant falsely and fraudulently misrepresented material facts during the negotiation of and consummation of the Revised Purchase Order. Contrary to its representations, the Defendant knew or should have known at the time of such negotiations that it would not meet the performance requirements of the negotiated resolution.

36. The Defendant made misrepresentations to the Plaintiff with the knowledge of their untruth and/or failed to disclose known truths to the Plaintiff at the time when there was a duty to disclose such truths.

37. Defendant's misrepresentations were made with the intention of inducing the Plaintiff to rely upon them, and the Plaintiff so relied, to Plaintiff's great damage.

38. As a direct and proximate result of the Defendant's wrongful conduct, the Plaintiff has sustained and will sustain substantial monetary damages plus costs and fees.

### DEMAND FOR RELIEF

WHEREFORE, the Plaintiff respectfully demands that this Honorable Court:

a. Award the Plaintiff damages against the Defendant plus interest, costs and reasonable attorneys' fees; and

b.	Award such other and further relief as this Honorable Court deems meet and just in these premises.

## COUNT V
### (Specific Performance)

39.	The Plaintiff repeats and reavers the allegations contained in the previous paragraphs as if they were set forth herein.

40.	The Plaintiff has made repeated demands upon the Defendant to comply with the Revised Purchase Order, however they have failed and refused and still refuse to comply with the agreement.

41.	The Plaintiff says that it has been deprived of the monies due under the terms of the Revised Purchase Order.

WHEREFORE, the Plaintiff respectfully demands that this Honorable Court issue an order that the Defendant comply with the terms and provisions of the Revised Purchase Order.

## COUNT VI
### (Detrimental Reliance / Promissory Estoppel)

42.	Plaintiff repeats and reavers the allegations contained in the previous paragraphs as if they were set forth herein.

43.	On the basis of the facts set forth above and in reliance on the initial Purchase Order and the Revised Purchase Order, the Plaintiff incurred raw material and manufacturing costs and manufactured and shipped additional Product.

44.	As a direct and proximate result of the Defendant's conduct, the Plaintiff has sustained and will sustain substantial damages.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff respectfully demands that this Honorable Court:

a. Determine that the Plaintiff justifiably relied upon the Purchase Order with the Defendant, and/or the Revised Purchase Order, to its detriment;

a. Award the Plaintiff damages against the Defendant plus interest, costs and reasonable attorneys' fees; and

b. Award such other and further relief as this Honorable Court deems meet and just in these premises.

## CLAIM FOR JURY TRIAL

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES IN THE COMPLAINT.

Dated: January 16, 2004

Parlex Corporation
By its attorneys,

Edward D. Kutchin, Esq.
BBO# 281920
Kerry R. Northup, Esq.
BBO# 633016
Kutchin & Rufo, P.C.
155 Federal Street
Boston, MA 02110
(617) 542-3000

F:\4300\Pleadings\Complaint.Doc