UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PARLEX CORPORATION,

    Plaintiff,

v.                                                    Civil Action No. 04 CV 10109-DPW

KDI PRECISION PRODUCTS, INC.,

    Defendant.

## DEFENDANT'S ANSWER TO COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

The Defendant, KDI Precision Products, Inc., answers the allegations contained in the Complaint as follows:

1. It admits the allegations contained in paragraph 1.

2. It admits the allegations contained in paragraph 2.

3. It admits the allegations contained in paragraph 3.

4. It admits the allegations contained in paragraph 4.

5. It states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. It states that it is without knowledge or information sufficient to form a belief as that portion of the allegation contained in paragraph 6 which states "an amount in controversy which exceeds $75,000.00" and admits all other allegations contained in said paragraph.

7. It denies that allegations contained in paragraph 7 which state ". . . the Defendant's breach of contract formed in Massachusetts, specifically its failure to pay the

Plaintiff for products and services rendered pursuant to a purchase order . . ." and, further answering, the Defendant denies that it breached any contract between the parties and that it is obligated to pay any monies pursuant to any contract between the parties.

8. It admits the allegations contained in paragraph 8, except that portion of the allegations which states "similar to many other circuits" which characterization is denied in that the product subject to the Defendant's purchase order was subject to particular design specifications including a different material composition which, on information and belief, had never been used by the Plaintiff in its manufacturing operations. And further answering, the Defendant states that its Purchase Order issued to the Plaintiff contained Terms and Conditions by which the Plaintiff was bound in addition to subsequent change orders issued by the Defendant to the Plaintiff.

9. It admits the allegations contained in paragraph 9.

10. It states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. It admits the allegations contained in paragraph 11.

12. It admits the allegations contained in paragraph 12. And, further answering, the Defendant states that it had previously notified the Plaintiff that its product was defective and failed to conform to the applicable specifications.

13. It denies that portion of the allegations contained in paragraph 13 which states "On or about March 7, 2003, the Plaintiff received change nos. 5." It admits that the Plaintiff received change no. 6 on or about March 7, 2003 and it states that change no.5 had been sent to

the Plaintiff on or about November 7, 2002 and that the cancellations reflected in the two change orders totaled 110,000 units of the product.

14. It admits that portion of the allegations contained in paragraph 14 which states that "On or about March 20, 2003, the Plaintiff issued a written cancellation proposal to the Defendant" but it denies that the purported cancellation was in accordance with the terms of the purchase order and it denies all other allegations contained in said paragraph.

15. It admits those portions of the allegations contained in paragraph 15 which state that on or about June 20, 2003, the Defendant's buyer agreed to certain revisions of the Parties contract but it denies the remaining allegations and characterizations regarding the revisions as set forth in said paragraph and specifically denies the allegation that "Defendant would pay an open invoice in the amount of approximately $260,000." And, further answering, the Defendant states that the terms and conditions of the Parties' negotiation discussions on or about June 20, 2003 were incorporated in Defendant's Change Order # 7 which was issued by the Defendant to the Plaintiff on or about July 3, 2003 pursuant to and as part of the Parties' contractual rights and liabilities governed by the Defendant's Purchase Order including its General Terms and Conditions.

16. It admits the allegations set forth in paragraph 16 and states that the Parties' agreement was incorporated in Defendant's Change Order # 7 which is not a "Revised Purchase Order."

17. It admits the allegations set forth in paragraph 17, except that it denies the plaintiff's characterization of Change Order # 7 as a "Revised Purchase Order."

3

18. It admits the allegations set forth in paragraph 18 that two shipments were in transit and not delivered but it denies that said shipments were pursuant to any valid purchase order which imposed any obligation on the Defendant.

19. It admits the allegations set forth in the first sentence of paragraph 19, except that it denies the plaintiff's characterization of Change Order # 7 to the original Purchase Order as a "Revised Purchase Order." It admits that on or about August 21, 2003, the Defendant gave written notice of cancellation of the purchase order applicable to the Parties and that the Defendant attempted to negotiate a resolution of the dispute between the Parties.

20. It denies the allegations contained in paragraph 20 which state that "the Plaintiff has manufactured and shipped all required units of Product" in accordance with the applicable Purchase Order issued by the Defendant including the various change orders, including Change Order # 7, characterized by the Plaintiff as the Revised Purchase Order. It admits that the Plaintiff shipped units of Product referenced in Change Order # 7 but it denies that said units as a whole conformed to the applicable specifications. It admits that it has units of the product which were shipped to it without any valid and applicable purchase order but it denies that it responsible for payment for said units. It denies those allegations regarding the "total amount due and owing" and it denies that it is responsible "for the total amount due and owing under the terms of the Revised Purchase Order, $672,430" and it admits that it has not made any payments for any amounts for which it is not liable.

21. It realleges and reasserts its answers to the previous paragraphs referenced in the Complaint and incorporates same by reference in response to paragraph 21 in Count I.

22. It denies the allegations contained in paragraph 22 in Count I.

23. It denies the allegations contained in paragraph 23 in Count I.

24. It denies the allegations contained in paragraph 24 in Count I.

25. It realleges and reasserts its answers to the previous paragraphs referenced in the Complaint and incorporates same by reference in response to paragraph 25 in Count II.

26. It admits the allegations contained in paragraph 26 in Count II.

27. It denies the allegations contained in paragraph 27 in Count II.

28. It denies the allegations contained in paragraph 28 in Count II.

29. It denies the allegations contained in paragraph 29 in Count II.

30. It realleges and reasserts its answers to the previous paragraphs referenced in the Complaint and incorporates same by reference in response to paragraph 30 in Count III.

31. It denies the allegations contained in paragraph 31 in Count III.

32. It denies the allegations contained in paragraph 32 in Count III.

33. It denies the allegations contained in paragraph 33 in Count III.

34. It realleges and reasserts its answers to the previous paragraphs referenced in the Complaint and incorporates same by reference in response to paragraph 34 in Count IV.

35. It denies the allegations contained in paragraph 35 in Count IV.

36. It denies the allegations contained in paragraph 36 in Count IV.

37. It denies the allegations contained in paragraph 37 in Count IV.

38. It denies the allegations contained in paragraph 38 in Count IV.

39. It realleges and reasserts its answers to the previous paragraphs referenced in the Complaint and incorporates same by reference in response to paragraph 39 in Count V.

40. It admits that portion of the allegations contained in paragraph 40 in Count V which states that the "Plaintiff has repeated demands upon the Defendant" and it denies the remaining allegations contained therein, including the assumptions and premises of said allegations.

41. It denies the allegations contained in paragraph 41 in Count V.

42. It realleges and reasserts its answers to the previous paragraphs referenced in the Complaint and incorporates same by reference in response to paragraph 42 in Count VI.

43. It denies the allegations contained in paragraph 43 in Count VI.

44. It denies the allegations contained in paragraph 44 in Count VI.

## DEFENSES UNDER RULE 12

### FIRST DEFENSE

The Defendant states that with reference to the Plaintiff's Claim set forth in Count III based on alleged violations of Chapter 93A, that the Plaintiff has failed to aver minimally sufficient factual allegations as a matter of law in support of such a claim and, under Fed.R.Civ.P. 12(b)(6), the Plaintiff has failed to state a claim upon which relief can be granted and, therefore, said claim should be dismissed.

### SECOND DEFENSE

The Defendant states that with reference to the Plaintiff's Claim set forth in Count IV based on alleged misrepresentations, that the Plaintiff has failed to aver minimally sufficient factual allegations as a matter of law in support of such a claim and, under Fed.R.Civ.P. 12(b)(6),

the Plaintiff has failed to state a claim upon which relief can be granted and, therefore, said claim should be dismissed.

### THIRD DEFENSE

The Defendant states that with reference to the Plaintiff's Claim set forth in Count V seeking alleged specific performance, that the Plaintiff has failed to aver minimally sufficient factual allegations as a matter of law in support of such a claim and, under Fed.R.Civ.P. 12(b)(6), the Plaintiff has failed to state a claim upon which relief can be granted and, therefore, said claim should be dismissed.

### FOURTH DEFENSE

The Defendant states that with reference to the Plaintiff's Claim set forth in Count VI characterized as detrimental reliance/promissory estoppel, that the Plaintiff has failed to aver minimally sufficient factual allegations as a matter of law in support of such a claim and, under Fed.R.Civ.P. 12(b)(6), the Plaintiff has failed to state a claim upon which relief can be granted and, therefore, said claim should be dismissed.

### **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiff breached its warranty obligations under the Purchase Order issued by the Defendant, including change orders issued by the Defendant thereunder, which constituted the contract between the parties and, more specifically, that the Plaintiff under section 2 of the applicable General Terms and Conditions warranted that its products would conform to the specifications, drawings, samples or others descriptions specified

by the Defendant and that Plaintiff's products would be merchantable, of good materials and workmanship and free from all defects. In breach of said warranties, Plaintiff's products in large quantities were defective and otherwise failed to conform and were not merchantable. Wherefore, as a result of the Plaintiff's breach of warranties, it is barred from recovery in this action.

## SECOND AFFIRMATIVE DEFENSE

The Defendant states that in accordance with the Terms and Conditions of the Purchase Order issued by the Defendant, including change orders issued by the Defendant thereunder, which constituted the contract between the parties, section 16 provides that the Defendant shall have the right to set-off any amounts which the Plaintiff owes to the Defendant with reference to any amounts which would otherwise be payable to the Plaintiff. As a result of the Plaintiff's breach of its contractual obligations in providing products which were defective and otherwise non-conforming, the Plaintiff incurred substantial costs and sums of money represented in its efforts to rectify the condition of the Plaintiff's products for which sums of costs and monies the Plaintiff is liable to the Defendant. As a result, in accordance with the aforementioned set-off provision, the Plaintiff's claim is thereby barred.

## THIRD AFFIRMATIVE DEFENSE

The Defendant states that in accordance with section 18 of the Terms and Conditions of the Purchase Order issued by the Defendant, including change orders issued by the Defendant thereunder, which constituted the contract between the Parties, that the Defendant gave a notice of termination in August 2003 and, as such, the Plaintiff is barred from recovery of any claims allegedly predicated on its performance after the cancellation.

## FOURTH AFFIRMATIVE DEFENSE

The Defendant states that in accordance with section 4 of the Terms and Conditions of the Purchase Order issued by the Defendant, including change orders issued by the Defendant thereunder, which constituted the contract between the Parties, that the Plaintiff was obligated not to make material commitments or production arrangements in excess of the amount or in advance of the time necessary to meet Defendant's delivery schedule and, therefore, to the extent that any of the Plaintiff's claim is predicated on such activity, it is barred from recovery to that extent.

## FIFTH AFFIRMATIVE DEFENSE

The Defendant states that in accordance with the Terms and Conditions of the Purchase Order issued by the Defendant, including change orders issued by the Defendant thereunder, which constituted the contract between the Parties, the Defendant had the right to issue change orders which cancelled the number of units being purchased from the Plaintiff and, as a result of such change orders being issued, the Plaintiff is barred from recovery for any of its claims based on its products which were subject to the Defendant's change orders.

## SIXTH AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiff was obligated to perform in accordance with the terms and conditions of Change Order # 7, issued by the Defendant in connection with its Purchase Order which, including the various change orders issued by the Defendant, constituted the contract between the Parties, and the Plaintiff having engaged in partial performance of its obligations thereunder, the Plaintiff is estopped to deny that its rights, obligations, and liabilities are contractually bound by said Change Order # 7 under the Purchase Order.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant states that, at all times material hereto, the Plaintiff's rights, obligations and liabilities were subject to an existing contract between the Parties based on the Defendant's Purchase Order and change orders issued pursuant thereto, and, as such, given the existence of a valid contract between the Parties, the Plaintiff is barred from asserting a claim predicated on the legal theory of Detrimental Reliance/Promissory Estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiff failed to comply with all conditions precedent contained in the Purchase Order issued by the Defendant to the Plaintiff including the Terms and Conditions set forth therein and the Change Orders issued by the Defendant to the Plaintiff which constituted the contract between the Parties and, as such, the Plaintiff is barred from recovery.

## NINTH AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiff by its conduct and/or representations has waived any rights, if any, to contest the application of any provisions of the Purchase Order issued by Defendant including the General Terms and Conditions set forth therein and change orders issued pursuant thereto by the Defendant and, therefore, the Plaintiff is barred from recovery.

## TENTH AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiff has failed to sufficiently allege that the "actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred primarily and substantially" within the Commonwealth of Massachusetts and, therefore, the Plaintiff may not maintain a claim and/or recover under Mass. Gen. L. ch. 93A ¶ 11, and Count III should therefore be dismissed.

## **COUNTERCLAIM**

The Defendant and Plaintiff-in-Counterclaim, KDI Precision Products, Inc., hereby asserts the following Counterclaim in accordance with Fed.R.Civ.P. 13:

### COUNT I
(Breach of Contract)

1. The Plaintiff-in-Counterclaim, KDI Precision Products, Inc.("KDI"), is a corporation duly organized under the laws of the State of Delaware with a principal place of business located at 3975 McMann Road, Cincinnati, Ohio.

2. The Defendant-in-Counterclaim, Parlex Corporation ("Parlex"), is a corporation duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business located at One Parlex Place, Methuen, Massachusetts.

3. The matter in controversy exceeds, exclusive of interest and costs, the amount set forth in 28 U.S.C. section 1332.

4. Jurisdiction in this action is based on the Parties' diversity of citizenship and an amount in controversy in excess of $75,000.

5. On or about December 11, 2000, KDI issued Purchase Order No. P50025 to Parlex which Parlex accepted.

6. The KDI Purchase Order contained General Terms and Conditions which set forth the respective rights and obligations of the Parties and which, including subsequent change orders issued by Defendant KDI, constituted the Contract ("Contract") between KDI as the Buyer and Parlex as the Seller.

7. Between May 2001 and July 2003, Defendant KDI issued seven change orders to Parlex in connection with Purchase Order No. P50025.

8. The Contract in section 2 of the General Terms and Conditions included a warranty by Parlex that: "(I) All material and work covered by this order will conform to the specifications, drawings, samples, symbols or other description specified by Buyer [KDI] and will be merchantable, of good materials and workmanship, and free from all defects; (ii) All material and work covered by this order which is in accord with Seller's design, drawings, or specifications will be fit and sufficient for the purposes intended."

9. The Contract further provided in part in section 3 of the General Terms and Conditions, entitled "Inspection", that: "All material and work will be subject to final inspection and approval by Buyer [KDI] after delivery.... Buyer may, at its option, may either reject any materials or work not in conformity with the requirements and terms of this order, or re-work the same at Seller's expense.... No replacement of defective material or work shall be made unless specified by Buyer. Inspection of replacement material or work shall be paid by Seller."

10. During the time period between March 2001 and July 2003, Parlex shipped in excess of 200,000 of the product to KDI, and substantial numbers of the product were defective and otherwise failed to conform to KDI's specifications.

11. Parlex breached its contractual warranties and obligations set forth in the Contract by shipping units of the product which were neither merchantable, nor of good materials and workmanship and which failed to be free from all defects.

12. As the direct and proximate result of Parlex's breach of the Contract, KDI in accordance with its rights under the Contract undertook to expend substantial time, material and

12

personnel resources in an effort to rectify the defective condition of Parlex's product. KDI's costs incurred in these activities total approximately $354,218.

WHEREFORE, the Plaintiff-in-Counterclaim, KDI Precision Products, Inc., demands judgment against the Defendant-in-Counterclaim, Parlex Corporation for damages in the amount of all sums of monies permitted by law, together with interest.

## DEMAND FOR JURY TRIAL

The Defendant and Plaintiff-in-Counterclaim hereby demands trial by jury on all issues and claims asserted herein as permitted by law.

Dated: March 12, 2004

Respectfully submitted,

Defendant and Plaintiff-in-Counterclaim,
KDI PRECISION PRODUCTS, INC.,

By its attorneys,

_____
Brendan M. Hare, BBO# 221480
Kathleen A. Kelley, BBO# 562342
HARE & CHAFFIN
160 Federal Street
Boston, MA 02110
(617) 330-5000

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of March, 2004, a true and correct copy of the foregoing document was served by hand to the office of counsel of record for the plaintiff.

_____
Kathleen A. Kelley

416002.030804

13

**HARE & CHAFFIN**
ATTORNEYS AT LAW
160 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110-1701
(617) 330-5000
TELECOPIER (617) 330-1996

March 12, 2004

BY HAND

Clerk of Court
United States District Court
 for the District of Massachusetts
One Courthouse Way
Boston, Massachusetts 02110

    Re:    Parlex Corporation v. KDI Precision Products, Inc.
             Case No. 04 CV 10109-DPW (D. Mass.)

Dear Sir or Madam:

Enclosed for filing in the above matter please find the following documents:

1. Defendant's Answer to Complaint, Counterclaim and Demand for Jury Trial; and

2. KDI Precision Products, Inc.'s Corporate Disclosure Pursuant to Local Rule 7.3.

Please acknowledge your receipt of the enclosed by date-stamping the enclosed copy of this letter and returning it to our representative.

Thank you.

Very truly yours,

Kathleen A. Kelley

KAK/mtf
416002.031204
Enclosures
cc:    Edward D. Kutchin, Esq. (by hand)